IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICKY SHAWN VANN,

   Plaintiff,

vs.               CIVIL ACTION NO.: CV206-028

GLYNN COUNTY SHERIFF'S
DEPARTMENT, and Dr. GUNDERSON,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff, an inmate currently confined at Coastal State Prison in Garden City, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

  28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff generally alleges that his Eighth Amendment right against cruel and unusual punishment was violated due to a deliberate indifference to his serious medical needs while he was confined at the Glynn County Detention Center in Brunswick, Georgia. Plaintiff alleges that he required emergency medical care, pain medication, fluids, and oxygen. Plaintiff also contends that he required (and continues to require) unlimited medical care due to liver, lung, and heart problems, as well as blood and plasma transfusions. Plaintiff avers that the Glynn County Sheriff's department could not provide him with proper medication. In a letter, construed as an Amended Complaint, Plaintiff contends that he spoke to Defendant Gunderson regarding his ailments. Plaintiff alleges that Defendant Gunderson told him that he would have the Master Sergeant take him to

2

the Hospital; however, Plaintiff avers that the Master Sergeant never arranged for him to go to the hospital.

Construed liberally, Plaintiff's allegations against Defendant Gunderson do not state a constitutional violation. The Eighth Amendment's proscription against cruel and unusual punishment embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

Plaintiff's Complaint, Amended Complaint, and supporting documentation provides sparse information regarding Defendant Gunderson's role in his treatment. Plaintiff's primary allegation against Defendant Gunderson appears to be that he was not taken to the hospital; however, according to his own admission, Defendant Gunderson directed the

3

Master Sergeant to take Plaintiff to the hospital. Plaintiff's statements indicate that Defendant Gunderson examined him and advised the Master Sergeant to take further action for his care. Defendant Gunderson's conduct, as stated in Plaintiff's Complaint, does not rise to a deliberate indifference to Plaintiff's serious medical needs. Accordingly, Plaintiff's claim against Defendant Gunderson should be dismissed.

In addition, while local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed.2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), sheriff's departments, as a mere arm of such governments, are not generally considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Accordingly, Plaintiff cannot state a claim against the Glynn County Sheriff's Department, as it is merely the vehicle through which the State governs and is not a proper party defendant. Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)